UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case No.: 10-61671-CIV-MORENO/BROWN

AIROJET CHARTERS, INC.,
a Nevada corporation, and CSSJ
AVIATION, LLC, an Arkansas
limited liability company,

    Plaintiffs,

vs.

CATLIN INSURANCE COMPANY,
INC., a Texas corporation,

                                     DEFENDANT'S MOTION IN LIMINE

    Defendant.
_____/

**MOTION IN LIMINE TO BAR EVIDENCE OR TESTIMONY THAT DAVID HINDS HAD AUTHORITY TO CHARTER PASSENGERS TO VENEZUELA ON MAY 17, 2010**

NOW COMES the Defendant, CATLIN INSURANCE COMPANY, INC. ["Catlin" or "Defendant"] and moves in Limine to bar any evidence or testimony that David Hinds had authority from Airojet Charters, Inc. ["Airojet"] to charter passengers to Venezuela on May 17, 2010, in an aircraft bearing Federal Aviation Administration Registration No. 308RH ["the Aircraft"]. It is clear from the record that Hinds had no such authority, this issue is not reasonably in dispute, and introduction of evidence or testimony in connection with this issue would likely lead to confusion and waste of time.

**I.    HINDS WAS NOT AUTHORIZED BY AIROJET TO CHARTER PASSENGERS TO VENEZUELA ON MAY 17, 2010**

On May 17, 2010 David Hinds departed the Dominican Republic in the Aircraft with at least one passenger on board en route to Venezuela. (See Airojet Charters, Inc. Responses to Defendant's First Request for Admissions, attached hereto as Exhibit "A", ¶ 35, 42). Hinds was offered, and subsequently accepted, $10,000 plus expenses to make this flight. (See Exhibit "A", ¶ 26, 38). Because Hinds accepted payment plus expenses to pilot this flight, the flight constitutes a charter flight for hire pursuant to Federal Aviation Regulation Part 135. (See FAR Part 119 and FAR Part 135, attached hereto as Exhibit "B").

In May of 2010, Airojet authorized Hinds to pilot the Aircraft to the Bahamas and to the Dominican Republic. (See Examination Under Oath of Cantwell, pg. 35-36, attached hereto as Exhibit "C" and Deposition of Cantwell, pg. 36-37, attached hereto as Exhibit "D"). At no time was Hinds authorized by Airojet to conduct Part 135 charter flights in the Aircraft. (See Examination Under Oath of Cantwell, pg. 31, 40, attached hereto as Exhibit "E" and Deposition of Cantwell, pg. 39, 40, 44, 180, attached hereto as Exhibit "F"). Additionally, Cantwell specifically testified under oath on four separate occasions that Hinds was not authorized by Airojet to conduct the subject Part 135 charter flight. (See Examination Under Oath of Cantwell, pg. 43-44, attached hereto as Exhibit "G", Affidavit of Cantwell dated July 7, 2010, attached hereto as Exhibit "H", ¶ 14, Affidavit of Cantwell dated July 26, 2010, attached hereto as Exhibit "I", ¶ 7-8, Deposition of Cantwell, pg. 121-122, 180, attached hereto as Exhibit "J"). Further, Airojet has admitted that Hinds was not authorized by Airojet to conduct Part 135 charter flights in the Aircraft on May 17, 2010. (See Exhibit "A", ¶ 33, 39).

Based upon the sworn testimony of the Principal of Airojet, and Airojet's own express admissions, there cannot now be any issue as to Hinds' lack of authority to operate the Aircraft

pursuant to Part 135 or otherwise as a charter flight. Therefore, introduction of evidence or testimony indicating or tending to indicate that Hinds had authority to conduct the subject May 17, 2010 Part 135 charter flight to Venezuela should not be permitted.

III. **ADMISSION OF CERTAIN EVIDENCE OR TESTIMONY WOULD LEAD TO CONFUSION AND WASTE OF TIME**

The admission of the above-described evidence and/or testimony is likely to confuse the jury as Hinds' lack of authority from Airojet to conduct the subject flight is not reasonably in dispute. The admission of the above-described evidence or testimony would also result in a substantial waste of time as witnesses will then be questioned about such issues and Defendant would then be forced to address the issues raised by the admission of this testimony or evidence. Therefore, this evidence and/or testimony should be excluded

WHEREFORE, Defendant CATLIN INSURANCE COMPANY, INC. moves this Court, prior to trial and jury selection, in limine, to: (a) bar the Plaintiffs from presenting evidence or testimony indicating or insinuating that Hinds had authority from Airojet to conduct the subject May 17, 2010 Part 135 charter flight and (b) to instruct the Plaintiffs' attorneys to refrain from making any statement, remarks or arguments, asking any questions, submitting any testimony, introducing any evidence or otherwise conveying, or making any attempts to convey, to the jury information regarding the matters contained in this motion. Defendant also requests any other relief that is just.

Respectfully submitted,
CATLIN INSURANCE COMPANY, INC.

By: _____/s/ Mark Banovetz_____
One of Its Attorneys
Admitted *Pro Hac Vice*

Gregory Sreenan
Sreenan & Associates, P.A.
44 West Flagler Street
Suite 1720
Miami, Florida  33130
(305) 374-4170
(305) 374-4121 Fax

Mark T. Banovetz
Tressler, LLP
22nd Floor, 233 South Wacker Drive
Chicago, Illinois 60606-6399
(312) 627-4000
(312) 627-1717 Fax

Attorneys for Defendant – CATLIN INSURANCE COMPANY, INC.

**Certificate of Service**

I hereby certify that on April 21, 2011, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/  Gregory P. Sreenan
GREGORY P. SREENAN

## Service List

<u>Airojet Charters, Inc. and CSSJ Aviation, LLC, v. Catlin Insurance Company, Inc.</u>
Case No.: 10-61671-CIV-MORENO/BROWN
United States District Court, Southern District of Florida, Miami Division

| Attorney for Plaintiffs<br><br>Edward R. Curtis, Esq.<br>Tripp, Scott, P.A.<br>110 SE 6th St., 15th Floor<br>Fort Lauderdale, FL 33301<br><br>Florida Bar No.:      236845<br><br>Telephone:   954-525-7500<br>Facsimile:    954-761-8475<br>E-mail:         erc@trippscott.com | Co-counsel for Plaintiffs<br><br>Carri A. Conlon, Esq.<br>Chuhak & Tecson, P.C.<br>30 S. Wacker Drive, Suite 2600<br>Chicago, IL 60606<br><br>Illinois Bar No.:     6257116<br><br>Telephone:   312-855-4617<br>Facsimile:    312-444-9027<br>E-mail:         cconlon@chuhak.com |
|---|---|
| Co-counsel for Plaintiffs<br><br>Fred C. Begy, III, Esq.<br>Chuhak & Tecson, P.C.<br>30 S. Wacker Drive, Suite 2600<br>Chicago, IL 60606<br><br>Illinois Bar No.:     0156876<br><br>Telephone:   312-855-5442<br>Facsimile:    312-368-9422<br>E-mail:         fbegy@chuhak.com | Co-counsel for Defendant<br><br>Gregory P. Sreenan, Esq.<br>Sreenan & Associates, P.A.<br>44 West Flagler Street, Suite 1720<br>Miami, FL 33130<br><br>Florida Bar No.:     473553<br><br>Telephone:   786-369-5529<br>E-mail:         sreenang@bellsouth.net |
| Co-counsel for Defendant<br><br>Jennifer F. Perdigao, Esq.<br>Tressler LLP<br>1901 Avenue of the Stars, Suite 450<br>Los Angeles, CA 90067-6006<br><br>Telephone:   310-203-4800<br>Facsimile:    310-203-4850<br>E-mail:         jperdigao@tresslerllp.com | Co-counsel for Defendant<br><br>Mark T. Banovetz, Esq.<br>Tressler LLP<br>233 South Wacker Drive, 22nd Floor<br>Chicago, IL 60606<br><br>Telephone:   312-627-4099<br>Facsimile:    312-627-1717<br>E-mail: mbanovetz@tresslerllp.com |